UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANA-FARBER CANCER INSTITUTE, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GATEKEEPER PHARMACEUTICALS, INC.,<br>　　　　Defendant.<br><br>GATEKEEPER PHARMACEUTICALS, INC., a Delaware corporation,<br><br>　　　　Defendant and Cross-Claimant,<br><br>　　v.<br><br>DANA- FARBER CANCER INSTITUTE, INC., a Massachusetts corporation,<br><br>　　　　Counter-Defendant,<br><br>　　- and -<br><br>NOVARTIS PHARMA, A.G., a Swiss corporation; NOVARTIS INTERNATIONAL PHARMACEUTICAL, LTD., a Bermuda corporation; and NOVARTIS INSTITUTES FOR BIOMEDICAL RESEARCH, INC., a Delaware corporation,<br><br>　　　　Cross-Defendants. | Civil Action No. 1:10-CV-11613-DPW |

## **GATEKEEPER'S MOTION TO IMPOUND**

Pursuant to Local Rule 7.2, the defendant, Gatekeeper Pharmaceuticals, Inc.

("Gatekeeper"), moves to impound Exhibits A, B, C, D, E, K, L, M, N, O P, Q, and U to the

Declaration of Timothy T. Scott in support of its Motion to Compel Subpoena Response of

Mintz Levin ("Motion to Compel") and requests leave to file under seal an unredacted copy of the Motion to Compel and the accompanying declarations.

In support of this motion, Gatekeeper states that it seeks to impound the following exhibits:

1. Exhibit A, an electronic mail from Dr. Jack Taunton to Dr. Nathanael Gray, dated August 24, 2009 at 3:10 p.m.;

2. Exhibit B, an electronic mail from Dr. Gregory Verdine to Dr. Barrett Rollins, DFCI's Chief Scientific Officer, dated March 10, 2010 at 7:24 p.m.;

3. Exhibit C, an electronic mail from Dr. Kwok-Kin Wong to Dr. John Chant, Chris Carthy, Dr. Nathanael Gray, Dr. Jeffrey Engelman and Dr. Pasi Janne, dated April 2, 2010 at 2:25 p.m.;

4. Exhibit D, an electronic mail from Dr. Barrett Rollins to Dr. Nathanael Gray, dated March 11, 2010 at 1:44 p.m.;

5. Exhibit E, an electronic mail from Dr. Nathanael Gray to Dr. John Chant, Dr. Kwok-Kin Wong, and Chris McCarthy, dated April 7, 2010 at 9:47 a.m.;

6. Exhibit K, an electronic mail from Dr. Nathanael Gray, to Dr. Kwok-Kin Wong and Dr. John Chant, dated June 15, 2010 at 3:11 p.m.;

7. Exhibit L, an electronic mail from Pamela Ariniello, DFCI Counsel to Dr. Nathanael Gray, dated July 16, 2010 at 3:53 p.m.;

8. Exhibit M, an electronic mail from Dr. Nathanael Gray, to Dr. Jeffrey Engelman, Dr. Pasi Janne, and to Dr. John Chant, dated July 30, 2010 at 11:45 a.m.;

9. Exhibit N, an electronic mail from D. Pasi Janne to Dr. Kwok-Kin Wong, dated July 19, 2010 at 3:03 p.m.;

10. Exhibit O, an electronic mail from Dr. Kwok-Kin Wong to Dr. Pasi Janne, dated July 19, 2010 at 3:52 p.m.;

11. Exhibit P, an electronic mail from Dr. Barrett Rollins to Dr. Pasi Janne, dated July 19, 2010 at 2:48 p.m.;

12. Exhibit Q, an electronic mail from Barrett Rollins to Dr. Pasi Janne, Dr. Kwok-Kin Wong, and Dr. Nathanael Gray, dated August 2, 2010 at 5:50 p.m.; and

13. Exhibit U, an electronic mail from Dr. Pasi Janne to Dr. John Chant, dated September 1, 2010 at 11:38 p.m.

Gatekeeper's Motion to Compel seeks compliance by Mintz Levin with a subpoena served upon it by Gatekeeper for documents regarding an investigation conducted by Mintz Levin of the rights to the intellectual property at issue in this case. Plaintiff DFCI and Mintz Levin contend that: (1) the investigation is protected by the attorney-client privilege; and (2) the communications between Mintz Levin as counsel for DFCI and the Gatekeeper Directors who were also DFCI employees are privileged. Gatekeeper contests both of these contentions, but it wishes to respect DFCI's claim of privilege until the Court rules. The exhibits for which the parties seek impoundment reference or reflect information as to which DFCI claims a privilege, which Gatekeeper contests.  Gatekeeper also contests that any of the redacted documents, none of which are authored by or addressed to an attorney, and nearly all of which have already been shared with Gatekeeper previously, could constitute attorney client communications under any circumstances

Gatekeeper has included these exhibits in the Motion to Compel in support of its contention that the Mintz Levin documents, and consequently Exhibits A, B, C, D, E, K, L, M, N, O, P, Q, and U are not protected by privilege. The Motion to Compel also references and

quotes from these exhibits for which the plaintiff claims privilege and Gatekeeper seeks impoundment.

After conferring with counsel for DFCI and Mintz Levin regarding the Motion to Compel, Gatekeeper moves to impound the exhibits pending the outcome of the Motion to Compel. Gatekeeper has simultaneously filed with the Court a redacted version of the Motion to Compel without these exhibits and with references to the impounded exhibits redacted.

Gatekeeper has served upon counsel for the plaintiff and upon Mintz Levin complete unredacted copies of the Motion to Compel and accompanying exhibits.

If this motion is granted, Gatekeeper will file under seal a complete copy of the Motion to Compel and accompanying exhibits.

As required by L.R. 7.2(a), Gatekeeper suggests that the impounded documents should be returned to Gatekeeper's counsel in the event the order of impoundment is lifted.

For the foregoing reasons, Gatekeeper respectfully requests that the Court grant this motion and impound A, B, C, D, E, K, L, M, N, O, P, Q, and U and grant leave to file the Motion to Compel and accompanying declarations under seal.

    Respectfully submitted,

    GATEKEEPER PHARMACEUTICALS, INC.

    By its attorneys:

    /s/ Theodore J. Folkman
    Theodore J. Folkman (BBO No. 647642)
    MURPHY & KING, P.C.
    One Beacon Street
    Boston, Mass.  02108
    (617) 423-0400
    tjf@murphyking.com

    Timothy T. Scott (pro hac vice)
    KING & SPALDING

333 Twin Dolphin Drive, Suite 400
Redwood Shores, Cal. 94065
(650) 590-0739
tscott@kslaw.com

Geoffrey M. Ezgar (pro hac vice)
Leo Spooner III (pro hac vice)
KING & SPALDING
101 Second St., Suite 2300
San Francisco, Cal. 94015
(415) 318-1324
gezgar@kslaw.com, lspooner@kslaw.com

Dated: June 13, 2011

## CERTIFICATE OF CONSULTATION

Pursuant to L.R. 7.1(a)(2), I certify that on June 13, 2011, I conferred with counsel for the plaintiff, the third-party defendant, and Mintz Levin by electronic mail regarding this motion.

/s/ Theodore J. Folkman
Theodore J. Folkman

## CERTIFICATE OF SERVICE

I certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 13, 2011.

/s/ Theodore J. Folkman
Theodore J. Folkman

598537